AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____ Delaware _____

UNITED STATES OF AMERICA
V.
Steven Dollard
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case CR06-102

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- (1) There is probable cause to believe that the defendant has committed an offense
    for which a maximum term of imprisonment of ten years or more is prescribed in _____.
    ☐ under 18 U.S.C. § 924(c).
- ☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- X (1) There is a serious risk that the defendant will not appear.
- X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by    X clear and convincing evidence   X a prepon-.
Defendant did not opposed the government's motion for detention but reserved the right to revisit the detention issue at a later time which was granted. The court finds that in addition there are bases for his detention.
1. Defendant declined to be interviewed by Pretrial Services, which is his right, however this limits the court's ability via Pretrial Services to learn and confirm pertinent information regarding the issue of detention. As a result, there is no information regarding defendant's employment history or financial resources. Further there is no information regarding family ties, residence and stability of that address. All the court has before it is defendant's criminal history which is substantial.
2. The present federal charge is possession of a weapon by a felon. Defendant's criminal history shows that his offense history began at age 14 when he was charged with robbery 1st.. Four years later, defendant was charged with possession of a firearm during the commission of a felony. By the time defendant reached adulthood at age 18 he was convicted of possession with intent to deliver in 1999 and in June 2000 he was found in VOP and again in April 2002. In August 2000, defendant was convicted of possession of a deadly weapon by a peson prohibited and possession of a schedule I controlled substance (the other related drug charges were nolle prossed along with his plea). In May 2001 defendant was found VOP.
The weapons charge involved a loaded 9mm Luger firearm with the trigger cocked with 4 hollow points in the magazine. The weapon was found on defendant's person in his waistband. In September 2005, defendant was found guilty of resisting arrest and possession of a Schedule II narcotic within 1000 feet of a school. Within the year his probation was suspended and defendant is presently serving a sentence with a good time expiration date of 2010. In the original offense in 2005 when officers attempted to stop defendant, he ran which resulted in a foot chase. On his person were found 4.35 cocaine powder and $770 in US currency.

NOV - 6 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

AO 472 (Rev. 3/86) Order of Detention Pending Trial

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

November 6, 2006
Date

Signature of Judicial Officer
Mary Pat Thynge, Magistrate Judge
Name and Title of Judicial Officer

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).