IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEVEN DOLLARD,<br><br>    Movant/Defendant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent/Plaintiff. | )<br>)<br>)<br>)<br>)   Civ. A. No. 09-634-GMS<br>)   Cr. A. No. 06-102-GMS<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION**

---

Steven Dollard. *Pro se* movant.

Ilana Eisenstein, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Attorney for respondent.

---

$\mathcal{S}\nu\mathcal{L}\prime\upsilon$ , 2012
Wilmington, Delaware


**SLEET, Chief Judge**

## I. INTRODUCTION

Movant Steven Dollard ("Dollard") filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (D.I. 40) Although Dollard filed the motion while incarcerated, he is currently under supervised release.[1] The Government filed its answer in opposition. (D.I. 47) For the reasons discussed, the court will deny Dollard's § 2255 motion without holding an evidentiary hearing.

## II. BACKGROUND

On September 5, 2006, the federal grand jury for the District of Delaware returned a one count indictment, charging Dollard with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a). Movant entered a guilty plea on February 12, 2007, and he was sentenced on July 19, 2007 to forty-one months of imprisonment, followed by three years of supervised release. (D.I. 17; D.I. 23) Judgment was entered on July 20, 2007. (D.I. 23) The term of imprisonment was to be concurrent with the sentence imposed on Dollard by the Delaware Superior Court in Case No. 040013899. *Id.*

The government filed a notice of appeal on August 15, 2007. Upon agreement of both parties, the Third Circuit dismissed the appeal pursuant to Federal Rule of Appellate Procedure 42(b). The final judgment was entered on January 18, 2008.

---

[1] Dollard has satisfied the "in custody" requirement in § 2255 because he filed the instant motion while incarcerated. Additionally, his release from physical custody did not render the instant proceeding moot, because he is presently under supervised release. *See United States v. Essig*, 10 F.3d 968, 970 n.3 (3d Cir. 1993)(a defendant is still in custody for the purposes of § 2255 if he is still under supervised release).

1

Dollard filed the instant § 2255 motion in August, 2009. (D.I. 40) The government filed an answer contending that the motion should be denied as time-barred. (D.I. 47)

## III. EVIDENTIARY HEARING

A district court is not required to hold an evidentiary hearing on a motion filed pursuant to 28 U.S.C. § 2255 if the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. As explained below, the record conclusively demonstrates that the instant motion is time-barred. Accordingly, the court concludes that an evidentiary hearing is not warranted.

## IV. DISCUSSION

Dollard seeks to have his federal sentence "corrected" so that there is no longer a federal detainer lodged against him. He also contends that his federal sentence was meant to "merge" with his pending state sentence, because the court ordered that the sentence run concurrently with his state sentence.[2]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitation on the filing of a § 2255 motion by federal prisoners. *See* 28 U.S.C. § 2255. The one-year limitations period begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

---

[2]To the extent Dollard asks the court to lift the federal detainer lodged against him, he has incorrectly asserted the claim pursuant to 28 U.S.C. § 2255. Rather, he must raise the claim pursuant to 28 U.SC. § 2241 after exhausting administrative remedies with the Bureau of Prisons.

2

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The one-year limitations period is subject to equitable tolling. *See Holland v. Florida*, __ U.S. __, 130 S.Ct. 2549, 2560 (2010)(equitable tolling applies in § 2254 proceedings); *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 619 n.1 (3d Cir. 1998)(holding that one-year limitations period set forth in § 2255 is not a jurisdictional bar and is thus subject to equitable tolling).

Dollard does not allege, and the court cannot discern, any facts triggering the application of § 2255(f)(2), (3), or (4). Therefore, the one-year period of limitations began to run when Dollard's conviction became final under § 2255(f)(1).

It is well-settled that a judgment of conviction becomes final for § 2255 purposes upon the expiration of the time for filing a petition for certiorari contesting the appellate court's affirmation of the conviction. *See Clay v. United States*, 537 U.S. 522 (2003). In this case, the government filed a notice of appeal, not Dollard, and the appeal was dismissed by agreement of the parties pursuant to Federal Rule of Appellate Procedure 42(b) on January 18, 2008. Research has not revealed any Third Circuit precedent addressing the effect of a dismissal of a direct appeal under Rule 42(b) on § 2255's one-year statute of limitations. Nevertheless, the court will assume that Dollard's judgment of conviction became final on April 17, 2008, the date on which

the period for seeking certiorari review expired. Accordingly, to comply with the one-year limitations period, Dollard had to file his § 2255 motion by April 20, 2009.[3] *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a), (e) applies to federal habeas petitions).

Dollard did not file the instant § 2255 motion until August 18, 2009,[4] approximately five months after the expiration of the filing deadline. Dollard has not asserted any argument for equitable tolling. Therefore, the court will deny the instant motion as time-barred.

## V. PENDING MOTION

Just days before filing the instant § 2255 motion, Dollard filed a motion asking this court to compel the Attorney General of the State of Delaware to grant credit for time previously served. (D.I. 39) Soon thereafter, however, Dollard completed his state sentence and was released. Thus, the court will deny the motion to compel as moot.

## VI. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2255 motion must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate only if the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must "demonstrate that reasonable

---

[3] The one-year period actually expired on April 18, 2008, which was a Saturday. Therefore, the limitations period ended on Monday, April 20, 2009. *See* Fed. R. Civ. P. 6(a)(1)(C).

[4] Even though Dollard's § 2255 motion is dated August 19, 2009, the motion was time-stamped and docketed on August 18, 2009. Therefore, the court will adopt the earlier August 18 date as the date of filing, because it is more beneficial for Dollard.

4

jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

The court is denying Dollard's § 2255 motion as time-barred. The court is persuaded that reasonable jurists would not find this assessment debatable. Therefore, the court will not issue a certificate of appealability.

## VII. CONCLUSION

The court concludes that Dollard is not entitled to relief pursuant to 28 U.S.C. § 2255. An appropriate order will issue.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEVEN DOLLARD, | ) |
| Movant/Defendant, | ) |
| v. | ) Civ. A. No. 09-634-GMS |
| | ) Cr. A. No. 06-102-GMS |
| UNITED STATES OF AMERICA, | ) |
| Respondent/Plaintiff. | ) |

**ORDER**

For the reasons set forth in the Memorandum Opinion issued in this action today, IT IS HEREBY ORDERED that:

1. Movant Steven Dollard's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED**. (D.I. 40)

2. Dollard's motion to compel the Attorney General of the State of Delaware to credit time previously served is **DENIED** as moot. (D.I. 39)

3. A certificate of appealability will not issue for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

4. The clerk of the court is directed to close the case.

Sep 10, 2012
Wilmington, Delaware

CHIEF, UNITED STATES DISTRICT JUDGE